UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                       Case No. 05-CR-34

BETTY L. HUNTER,

        Defendant.
_____

**ORDER FINDING THAT THE DEFENDANT
IS MENTALLY COMPETENT TO PROCEED AND
SETTING DATES FOR PRETRIAL MOTIONS**
_____

        By its <u>Order to Determine Defendant's Competency</u>, entered in this matter on February 10, 2005, the Court found reasonable cause to believe that the defendant, Betty L. Hunter, suffered from a mental disease or defect rendering her mentally incompetent to the extent that she was unable to understand the nature and consequences of the proceedings against her or to assist in her defense.

        Accordingly, pursuant to Sections 4241(a) and 4247(b) & (c) of Title 18 of the United States Code, the Court ordered that a psychiatric or psychological examination of the defendant be conducted by a licensed or certified psychiatrist or psychologist and that that psychiatrist or psychologist prepare and submit to the Court a written report of his findings.

        Premised upon the Court's appointment of him, Dr. John Pankiewicz, Board Certified Forensic Psychiatrist, conducted an examination of the defendant and submitted a report summarizing his findings on March 30, 2004. By his initial report, Dr. Pankiewicz concluded, among other things, that the defendant, Betty L. Hunter, did suffer from a mental disease that

-1-

Case 2:05-cr-00034-CNC   Filed 05/11/05   Page 1 of 4   Document 20

substantially affected her capacity to stand trial and to assist in her own defense. Significantly, Dr. Pankiewicz also concluded that the symptoms exhibited by the defendant could be treated effectively with medications that could restore her to competency.

Based upon those initial findings and conclusions, the Court conducted a hearing on April 7, 2005, at which time, with the concurrence of the parties, it withheld a final determination as to the competency of the defendant, based principally on the results to that time of a regimen of medications prescribed by the defendant's treating physician and upon contemporaneous reports of the pretrial supervision of the defendant during that period. The Court also established a schedule for the conduct of a supplemental evaluation by Dr. Pankiewicz and for a final hearing on the competency of the defendant.

On May 5, 2005, the Court conducted another hearing to review the conditions of the defendant's pretrial release, premised upon an interim report that she was not taking her medications as prescribed by her treating physician and that she had used a controlled substance. At that time, the Court directed that Dr. Pankiewicz conduct his supplemental evaluation in an expedited fashion and that he report back promptly on his conclusions and findings about the competency of the defendant.

On May 10, 2005, the Court conducted another hearing to elicit orally the findings and conclusions rendered by Dr. Pankiewicz, based upon his supplemental examination of the defendant conducted on May 9, 2005. At the hearing of May 10, 2005, Dr. Pankiewicz described in detail the nature and content of his supplemental examination, reported on the regimen of medications that the defendant had been and is taking to address her medical condition, opined that his previous concerns about her demeanor, affect, behavior, and temperament appeared to be addressed by the medication that she has been and is now taking, and concluded, to a reasonable degree of medical certainty, that,

-2-

Case 2:05-cr-00034-CNC    Filed 05/11/05    Page 2 of 4    Document 20

although the defendant continues to suffer from a medical disorder, its symptoms have been and are controlled by that medication, thus rendering her able to understand the nature and consequences of the proceedings against her and to assist properly in her defense of the charges against her.

Accordingly, the Court hereby concludes, based upon the joint recommendations of the parties and upon the complete record of all proceedings in this matter to date, including the supplemental oral report of Dr. Pankiewicz, that the defendant, Betty L. Hunter, is mentally competent to the extent that she is able to understand the nature and consequences of the proceedings against her and to assist properly in her own defense, pursuant to Sections 4241 and 4247 of Title 18 of the United States Code.

Consistent with its conclusion, the Court hereby orders that, as a continuing component of the pretrial supervision of the defendant, the Pretrial Services Officer assigned to this matter review and monitor, as he deems appropriate, the continuing administration of medication to the defendant, as prescribed by her treating physician, to ensure that the defendant continues to take and benefit from that medication as medically directed.

Based upon the resolution of this pretrial matter, the Court hereby lifts the stay of proceedings previously imposed in its Order of February 10, 2005.

Finally, the court orders that any pretrial motions in this criminal proceeding be filed no later than May 31, 2005; that any responses to such motions be filed no later than June 10, 2005; and, that any replies be filed no later than June 15, 2005.

**SO ORDERED** this 11th day of May, 2005, at Milwaukee, Wisconsin.

BY THE COURT:

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge
Eastern District of Wisconsin